January 4, 2023

John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

RE: DAVID KLEIN v. JELLY BELLY CANDY COMPANY, Civil Action No. 1:22-cv-11825

Hon. Angel Kelly,

This Court in its decision to transfer the venue to California stated that "Massachusetts is not a proper venue here because it has no relationship to the parties or the Plaintiff's claims." thereby transferring the case by utilizing 28 U.S. Code § 1406(a). Transferring this case under 1406(a) would effectively result in dismissal in California as they will apply their one-year state's statute of limitations for defamation cases. I plead with the court to reconsider, removing the case to California District Court would deprive me of a substantial part of its cause of action since the statute of limitations in California for a defamation claim is two years shorter than the statute in Massachusetts.

The Supreme Court ruled in Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962) that §1406 authorized discretionary transfers even when personal jurisdiction over the defendant was lacking in the court where the case was originally filed. While the majority found that a court had discretion to transfer a case under §1406 when venue was improper and personal jurisdiction was lacking, the dissent in Goldlawr was incredulous that the "interest of justice" would ever dictate a transfer when "both venue are personal jurisdiction are lacking in the district where the action is commenced."

In terms of applicable choice of law rules in cases transferred under §1406 (and cases transferred under §1404(a) in which personal jurisdiction is lacking), courts have recognized that the plaintiff's ability to force the application of favorable substantive law is not completely unfettered. For cases in which either venue is improper or personal jurisdiction over the defendant is lacking, courts have not required the application of the choice of law of the transferor court (where the case was originally improperly filed), but have required the application of the law of the transferee court (where the case should have been brought originally).

Furthermore, the defendant is a multinational conglomerate that does business in every state in the country including Massachusetts, they would not suffer any hardship if they were forced to litigate in the state of Massachusetts. *See* Exhibit A

As proof for reconsideration of transfer, there was an article published in the Boston Globe where the Jelly Belly Candy Company, defendant, caused the article to be edited by the publisher to denigrate my accomplishments in founding my company Jelly Belly and creating the Jelly Belly jelly bean. The edit resulted in me suffering public ridicule, damaging my reputation, my business prospects, and future earnings.

Rule 59(e), which allows an aggrieved party to move to "alter or amend a judgment," is another Rule sometimes employed as a basis for seeking reconsideration. A motion for reconsideration brought under Rule 59(e), may only be granted to: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

I request that this Court reconsider its decision to transfer this case to California District Court and allow me to maintain this suit in Massachusetts District Court. Should the court still deem it proper to transfer the case to CA, in the interest of justice, I would request for the court to do so under 1404(a) allowing my claim to be brought under MA state law.


/s/David Klein

David Klein