KURT A. KAPPES – SBN 146384
MICHAEL D. LANE – SBN 239517
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lanemd@gtlaw.com

ERIC WONG (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932

Attorneys for Defendant
JELLY BELLY CANDY COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KLEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JELLY BELLY CANDY COMPANY,<br><br>　　　　Defendant. | Civil Action No. 2:23-cv-00035-DAD-JDP<br><br>**DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE ALL CLAIMS PURSUANT TO CAL. CIV. PROC. CODE § 425.16 AND TO DISMISS THE COMPLAINT**<br><br>Date:　　　　March 7, 2023<br>Time:　　　　1:30 p.m.<br>Courtroom:　　4<br><br>Trial Date: None Set |

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 6

II. THE COMPLAINT SHOULD BE STRICKEN UNDER THE CALIFORNIA ANTI-SLAPP STATUTE OR DISMISSED FOR FAILURE TO STATE A CLAIM ........................... 7

    A. California's Anti-SLAPP Statute Applies To Plaintiff's Claims Because The Alleged Statements Were Made In A Public Forum In Connection With An Issue Of Public Interest ........................................................................................................ 7

    B. Plaintiff Failed To Demonstrate A Probability Of Prevailing On His Claims ................... 8

        1. California Law Applies to Plaintiff's Claims Because the Massachusetts District Court Transferred This Matter Pursuant to Section 1406 ......................... 8

        2. Plaintiff Failed to Demonstrate a Probability of Prevailing on His Claims Because The Claims Are Barred In Part By California's Statutes Of Limitations ................................................................................................................. 9

        3. Plaintiff Failed to Demonstrate a Probability of Prevailing on His Defamation Per Se Claim Because the Alleged Statements Are Undisputedly True and Plaintiff Failed to Allege Jelly Belly Authorized the Statements or Made the Statements with Actual Malice ................................. 9

            a. Plaintiff failed to demonstrate a probability of prevailing on defamation per se claim because Plaintiff fails to allege a false or defamatory statement ................................................................................. 10

            b. Plaintiff failed to demonstrate a probability of prevailing on his defamation per se claim because Plaintiff fails to allege that Jelly Belly authorized the media's statements or actual malice ....................... 11

        4. Plaintiff Failed to Demonstrate a Probability of Prevailing on His Tortious Interference with an Advantageous Relationship Claim and Conspiracy Claim Because the Alleged Statements Are Undisputedly True and Plaintiff Fails To Allege The Claims' Requisite Elements ................................. 13

III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND BECAUSE AMENDMENT WOULD BE FUTILE WHERE THE ALLEGED STATEMENTS ARE UNDISPUTEDLY TRUE AND PLAINTIFF'S CLAIMS ARE TIME-BARRED ...................................................................................................................... 14

IV. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY BECAUSE DISCOVERY WOULD BE FUTILE WHERE THE ALLEGED STATEMENTS ARE UNDISPUTEDLY TRUE AND PLAINTIFF'S CLAIMS ARE TIME-BARRED ........................................................................................ 14

V. CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Albrecht v. Lund*,
  6845 F.2d 193 (9th Cir. 1988) ................................................................................................ 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 15

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988) .................................................................................................................. 9

*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323 (1974) ................................................................................................................ 12

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir. 1985) .................................................................................................... 9

*Jarrett v. Terrell*,
  2022 WL 1056645 (9th Cir. Apr. 8, 2022) ................................................................................ 8

*Lluberes v. Uncommon Prods., LLC*,
  663 F.3d 6 (1st Cir. 2011) ...................................................................................................... 12

*McKee v. Cosby*,
  874 F.3d 54 (1st Cir. 2017) ............................................................................................... 11, 12

*Nelson v. Int'l Paint Co.*,
  716 F.2d 640 (9th Cir. 1983) .................................................................................................... 8

*Ready 4 A Change, LLC v. Sourcis, Inc.*,
  2019 WL 2024587 (E.D. Cal. May 8, 2019) ............................................................................. 8

*Schatz v. Republican State Leadership Committee*,
  669 F.3d 50 (1st Cir. 2012) .................................................................................................... 15

*Schreiber Dist. Co. v. Serv-Well Furniture Co., Inc.*,
  806 F.2d 1393 (9th Cir. 1986) ................................................................................................ 14

*Shay v. Walters*,
  702 F.3d 76 (1st Cir. 2012) .................................................................................................... 12

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ................................................................................................ 11

*Soil Retention Prods., Inc. v. Brentwood Indust., Inc.*,
  521 F. Supp. 3d 929 (S.D. Cal. 2021) .................................................................................... 13

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir., 2013) ................................................................................................. 15

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (2010) ................................................................................................................ 11

*Weintraub Fin. Servs., Inc. v. Boeing Co.*,
  2020 WL 6162801 (C.D. Cal. 2020)...................................................................................13

**State Cases**

*AREI II Cases*,
  216 Cal. App. 4th 1004 (2013) .........................................................................................13

*Hawran v. Hixson*,
  209 Cal. App. 4th 256 (2012) .............................................................................................7

*Lund v. Gifford*,
  2016 WL 7031517 (Cal. Ct. App. Dec. 2, 2016) ...............................................................11

*McFaddin v. H.S. Crocker Co.*,
  219 Cal. App. 2d 585 (1963) ..............................................................................................9

*Navellier v. Sletten*,
  29 Cal. 4th 82 (2002) ......................................................................................................7, 8

*Nguyen-Lam v. Cao*,
  171 Cal. App. 4th 858 (2009) ...........................................................................................12

*Nygard, Inc. v. Uusi-Kerttula*,
  159 Cal. App. 4th 1027 (2008) .......................................................................................7, 8

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*,
  2 Cal. 5th 505 (2017) ........................................................................................................13

*Schmidt v. Foundation Health*,
  35 Cal.App.4th 1702 (1995) .............................................................................................10

*Shively v. Bozanich*,
  31 Cal. 4th 1230 (2003) ....................................................................................................11

*Smith v. Maldonado*,
  72 Cal.App.4th 637 (1999) ...............................................................................................10

*Vogel v. Felice*,
  127 Cal. App. 4th 1006 (2005) .........................................................................................12

**Federal Statutes**

28 U.S.C. 1406(a) ......................................................................................................................6

**State Statutes**

Cal. Civ. Pro. Code § 339(1)......................................................................................................9

Cal. Civ. Pro. Code § 340(c)......................................................................................................9

Cal. Civ. Pro. Code § 425.16 ..............................................................................6, 7, 9, 10, 13

Cal. Civ. Pro. Code § 425.16(e) .................................................................................................7

Cal. Civ. Pro. Code § 425.16(e)(3) ............................................................................................7

Cal. Civ. Pro. Code § 425.16(e)(4) ............................................................................................7

Cal. Civ. Pro. Code § 45 ...........................................................................................................10, 11

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................6, 9, 14, 15

**Other Authorities**

https://news.jellybelly.com/the-gold-ticket-candy-factory-giveaway-contest/ ..........................10

*Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial*, § 9:219 ................................................11

5   Case No. 2:23-cv-00035-DAD-JDP

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE ALL CLAIMS PURSUANT TO CAL. CIV. PROC. CODE § 425.16 AND TO DISMISS THE COMPLAINT

## I.     INTRODUCTION

Plaintiff's claims against Jelly Belly Candy Company ("Jelly Belly") should be stricken pursuant to California's Anti-SLAPP law (also referred to herein as "Section 425.16").  Section 425.16 applies to any claim arising from protected activity.  Jelly Belly has readily demonstrated that all of Plaintiff's claims arise from protected speech.  Plaintiff's bald assertion to the contrary is baseless.  The press releases and public corrections that clarify previous media reports upon which Plaintiff's claims are based fall squarely within Anti-SLAPP because they are written statements in a public forum in connection with an issue of public interest protected by the First Amendment.

Unlike a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (pursuant to which Plaintiff's Complaint could also be dismissed), because Jelly Belly has demonstrated that Plaintiff's claims at issue arising from protected activity, Section 425.16 imposes the burden on Plaintiff to demonstrate that he has a probability of prevailing on his claims.  In order to carry that burden, Plaintiff must show that his claims are both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment.  Plaintiff has failed to carry that burden in both regards, and Plaintiff does not have a probability of prevailing, because (i) the alleged statements upon which he relies (the "Alleged Statements") are not false or defamatory, but rather are unequivocally true statements that Plaintiff is not the founder of Jelly Belly Candy Company; (ii) Plaintiff fails to allege, and has not demonstrated any ability to prove, that Jelly Belly authorized the media to make the Alleged Statements or that the statements were made with actual malice; (iii) Plaintiff fails to allege, and has not demonstrated any ability to prove, any actual advantageous relationships that Jelly Belly allegedly disrupted; (iv) Plaintiff fails to allege, and has not demonstrated any ability to prove, any agreement between Jelly Belly and any of the third party media sources; and (v) nearly all of Plaintiff's claims are time-barred.  *See* Jelly Belly's Motion to Strike or Dismiss (ECF 36-1) (the "Motion").

Rather than present any evidence demonstrating that he has the probability of prevailing on his claims, Plaintiff ignores almost all of them.  Plaintiff only, and incorrectly, argues that his claims are not time-barred because the Court should apply Massachusetts' statutes of limitation.  Plaintiff is plainly wrong.  The district court in Massachusetts has already held that it did not have personal jurisdiction over Jelly Belly, and therefore transferred this action to this Court under 28 U.S.C. 1406(a).  Under such

circumstances, the law of the transferor state applies, and California's statutes of limitations apply here, and bar Plaintiff's claims. Not only was the Massachusetts district court's order correct, but Plaintiff failed to seek reconsideration of or appeal the Massachusetts district court's order, and cannot relitigate it now.

Accordingly, all of Plaintiff's claims should be stricken, the Complaint should be dismissed in its entirety, and the Court should award Jelly Belly its fees and costs.

## II. THE COMPLAINT SHOULD BE STRICKEN UNDER THE CALIFORNIA ANTI-SLAPP STATUTE OR DISMISSED FOR FAILURE TO STATE A CLAIM

### A. California's Anti-SLAPP Statute Applies To Plaintiff's Claims Because The Alleged Statements Were Made In A Public Forum In Connection With An Issue Of Public Interest

Plaintiff's Opposition fails to rebut Jelly Belly's showing that each of Plaintiff's claims falls squarely within the scope of protection afforded by Section 425.16, and within the definitions of Section 425.16(e)(3) and (4), because each claim is based upon the Alleged Statements that were made in media publications in connection with an issue of public interest. In *Navellier v. Sletten*, 29 Cal. 4th 82 (2002), the California Supreme Court outlined the two-step process used in applying Section 425.16. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id*. at 88. This prong is satisfied if the conduct fits into one of the four categories enumerated in Section 425.16(e).[1] *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1036 (2008). Second, if the claim arises from protected conduct, the court "must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id*. If the plaintiff cannot meet this burden, the claim must be stricken. *Id*.

As discussed in Jelly Belly's Motion, press releases and public corrections clarifying previous media reports necessarily comprise written statements in a public forum in connection with an issue of public interest protected by the First Amendment. *See Hawran v. Hixson*, 209 Cal. App. 4th 256, 273 (2012) (Hawran's press release denying wrongdoing was protected under the First Amendment even

---

[1] As applicable in this case, an act in furtherance of a person's right of free speech includes: "(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Section 425.16(e).

though it "may broadly concern or relate to [his company's] business decisions"). Here, each of the Alleged Statements was published by a third-party media outlet (The Washington Post, Refinery29, NBC Boston, and Newswire) to clarify or correct each of the media outlets' previous publications that erroneously stated that Plaintiff was the founder of Jelly Belly Candy Company. *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1039 (2008) (stating that "[a]ny issue in which the public takes an interest is of 'public interest.'"); Complaint, ¶¶ 28, 32, 42.

Plaintiff's Opposition merely recites general Anti-SLAPP authority that was apparently copied from an unrelated Anti-SLAPP filing involving a party named "Tapia" (*see* Opp. at p. 10) and does not assert any legal or factual bases to challenge Jelly Belly's demonstration that each of Plaintiff's claims arises from protected statements in a public forum in connection with an issue of public interest.

Accordingly, Jelly Belly has met the first prong of the two-step Anti-SLAPP analysis, and the burden therefore shifts to Plaintiff, who must demonstrate that his claims are "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Navellier*, 29 Cal. 4th at 88-89 (2002) (citation and internal quotation marks omitted).

### B. **Plaintiff Failed To Demonstrate A Probability Of Prevailing On His Claims**

#### 1. *California Law Applies to Plaintiff's Claims Because the Massachusetts District Court Transferred This Matter Pursuant to Section 1406*

As discussed in Jelly Belly's Motion, California law applies to Plaintiff's claims because this case was transferred under Section 1406. See *Jarrett v. Terrell*, 2022 WL 1056645 at *1 (9th Cir. Apr. 8, 2022) ("If a case is transferred under § 1406(a), the transferee court applies the law applicable in the transferee court"); *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983) (the law of the transferee state applies following § 1406 transfers "to prevent forum shopping, and to deny plaintiffs choice-of-law advantages to which they would not have been entitled in the proper forum"); *Ready 4 A Change, LLC v. Sourcis, Inc.*, 2019 WL 2024587 at *2 (E.D. Cal. May 8, 2019) (same).

Plaintiff's assertion that this Court should apply Massachusetts law is entirely based on Plaintiff's brazen opinion that the Massachusetts district court "erred in finding that the venue was improper" and the matter "should have been transferred pursuant to Section 1404(a) and not Section 1406(a)." See

Opp. at 7. Plaintiff had ample opportunity to seek reconsideration or appeal of the Massachusetts district court's order, and this Court should reject Plaintiff's attempt to relitigate the decision by a district court sitting in Massachusetts that venue was not proper in Massachusetts. See, e.g., *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th Cir. 1985) (rejecting a party's attempt to relitigate whether the case could have been brought in the transferee forum, and stating the "better rule is to bar reconsideration of these matters unless there is some indication that appellants were not afforded a full and fair opportunity to litigate these matters before the transferor court").

      **2.**    *Plaintiff Failed to Demonstrate a Probability of Prevailing on His Claims Because The Claims Are Barred In Part By California's Statutes Of Limitations*

Plaintiff does not dispute, and thus he must be deemed to concede that all of Plaintiff's claims based on the April 4, 2019 Refinery29 article and September 10, 2020 NBC Boston article are time-barred under California's statute of limitations, and Plaintiff's claims for defamation and civil conspiracy to commit defamation based on the September 20, 2021 Washington Post article are also time-barred. *See* Motion at 11; Complaint at ¶¶ 26-28, 30-32, 42; Request for Judicial Notice ("RJN") at Exs. K,[2] Cal. Code Civ. Proc. §§ 339(1), 340(c); *McFaddin v. H.S. Crocker Co.*, 219 Cal. App. 2d 585, 591 (1963).

Given that the statute of limitations bars Plaintiff's claims for defamation per se and civil conspiracy in their entirety, Plaintiff cannot demonstrate a probability of prevailing on those claims, and the Court should strike them pursuant to Section 425.16 (or they should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim).

      **3.**    *Plaintiff Failed to Demonstrate a Probability of Prevailing on His Defamation Per Se Claim Because the Alleged Statements Are Undisputedly True and Plaintiff Failed to Allege Jelly Belly Authorized the Statements or Made the Statements with Actual Malice*

Even if Plaintiff's claim for defamation was not time-barred in its entirety (it is), nothing in Plaintiff's opposition alters the determination that Plaintiff's defamation claim should still be stricken

---

[2] Plaintiff did not oppose Jelly Belly's Request for Judicial Notice (ECF No. 36-2).

pursuant to Section 425.16 because Plaintiff cannot demonstrate a probability of prevailing on this claim. Specifically, Plaintiff has not pled or produced evidence of (1) a false or defamatory statement, (2) that Jelly Belly authorized the media's statements, and (3) actual malice. Motion at 11-15.

### a. Plaintiff failed to demonstrate a probability of prevailing on defamation per se claim because Plaintiff fails to allege a false or defamatory statement

Plaintiff's defamation claim fails because, as Jelly Belly demonstrated in its Motion, each of the Alleged Statements that Plaintiff is not the founder of Jelly Belly Candy Company is a matter of historical record and unassailably true. *See* Cal. Civ. Code § 45 ("Libel is a false and unprivileged publication…"); *Smith v. Maldonado,* 72 Cal.App.4th 637, 649 (1999) ("[B]y definition, an accurate and unambiguous statement of true fact cannot under any circumstances convey a defamatory meaning, no innuendo can make such a statement defamatory as a matter of law."); *Schmidt v. Foundation Health,* 35 Cal.App.4th 1702, 1716 (1995) ("Without a false statement of fact, there is no actionable defamation.")).

More specifically, as discussed in Jelly Belly's Motion, none of the statements cited in the Complaint address the inventor or founder of the Jelly Belly jelly bean (the product). Rather, the three Alleged Statements at issue only relate to the founder of Jelly Belly Candy Company.[3]  Specifically, the articles in The Washington Post and Refinery29 cited by Plaintiff state that Jelly Belly Candy Company, formerly known as Herman Goelitz Candy Company, was founded by Gustav Goelitz (not Plaintiff). *See id*. at ¶¶ 26-32; RJN, Exs. F, G. Similarly, although Plaintiff asserts that Newswire told him that Jelly Belly had somehow advised "the press" not to describe him as the inventor of the Jelly Belly® jelly bean, the email he cites squarely contradicts that assertion, and demonstrates only that Jelly Belly issued a press release stating that Jelly Belly Candy Company, formerly known as Herman Goelitz Candy company, was founded by Gustav Goelitz. *See* Compl., Tab A (citing https://news.jellybelly.com/the-gold-ticket-candy-factory-giveaway-contest/).

---

[3] Note that Defendant's unsupported assertion that he never claimed he was the founder of Jelly Belly is demonstrably false. In the Complaint, Plaintiff specifically alleges that "Mr. Klein founded the Jelly Belly Candy Company." Compl., ¶ 33. *See also* Related Case No. 2:22-cv-01509-DAD-JDP at ECF 24-3 (Defendant's LinkedIn page wherein Defendant claims he is the "Founder" of "Jelly Belly Candy Company").

Additionally, to support a defamation claim, the statements at issue must "expose [Plaintiff] to hatred, contempt, ridicule, or obloquy, or … cause[] him to be shunned or avoided, or [have] a tendency to injure him in his occupation." Cal. Civ. Code § 45. None of the statements that Plaintiff attempts to attribute to Jelly Belly regarding the founder of Jelly Belly Candy Company plausibly place Plaintiff in a defamatory light. They simply – and accurately – stated that Gustav Goelitz, not Plaintiff, was the founder of Jelly Belly Candy Company, which was formerly known as Herman Goelitz Candy Company.

Plaintiff has not—and cannot—contest that he did not found Jelly Belly Candy Company. *See generally* Opposition. Indeed, rather than make any attempt to refute the veracity of the Alleged Statements, Plaintiff merely recites the elements of a defamation claim (without citing to supporting authority) and asserts, without explanation or argument, that Plaintiff's "claims are sufficiently pleaded to survive." Opp. at 12. The Court should not accept as true Plaintiff's inaccurate assertion that Jelly Belly stated anything more than the historical fact that Plaintiff did not found Jelly Belly Candy Company in the Alleged Statements. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n.9 (the court may consider matters that are subject to judicial notice along with the complaint when deciding a motion to dismiss for failure to state a claim); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, § 9:219 ("The court need not accept as true allegations that contradict facts that may be judicially noticed by the court) (*following Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (2010).

    **b. Plaintiff failed to demonstrate a probability of prevailing on his defamation per se claim because Plaintiff fails to allege that Jelly Belly authorized the media's statements or actual malice**

Plaintiff's Opposition further fails to produce any argument or evidence to refute Jelly Belly's demonstration that Plaintiff's Complaint fails to allege (1) that the media publications were "reasonably foreseeable," or that Jelly Belly "authorized" or "intended" that the media sources would make the Alleged Defamatory Statements, and (2) that the allegedly defamatory statements were "made with 'actual malice.'" *See Lund v. Gifford*, 2016 WL 7031517, at *12 (Cal. Ct. App. Dec. 2, 2016) (*quoting Shively v. Bozanich*, 31 Cal. 4th 1230, 1243 (2003) ("It is the foreseeable subsequent *repetition* of the remark that constitutes publication and an actionable wrong in this situation, even though it is the original author of the remark who is being held accountable"); *McKee v. Cosby*, 874 F.3d 54, 61 (1st Cir. 2017);

*Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858, 865-866 (2009) (complaint was facially deficient because it failed to allege actual malice); *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1018 (2005) (allegations that the defendant acted "maliciously and oppressively, and in conscious disregard of [plaintiff's] rights" was insufficient to "state a cause of action in a case where 'actual malice' is required").

As an initial matter, the Complaint does not contain any factual allegations of any interactions between Jelly Belly and The Washington Post, Refinery29, or Newswire. Instead, Plaintiff makes a complete leap and asserts that "Defendant contact[ed] publications and forc[ed] redactions or outright withdrawal of any article[] giving credit to [Plaintiff] for being the true founder and inventor of the Jelly Belly jelly bean." Compl., ¶ 19. Plaintiff's Opposition fails to identify any alleged facts supporting his strange assertion, much less allege that Jelly Belly authorized the three Alleged Statements upon which he bases his defamation claim.

Further, Plaintiff does not contest that he is a limited purpose public figure and thus, must allege actual malice. *See* Motion at 15-16; *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 13 (1st Cir. 2011) (a "limited-purpose public figure" is someone who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues.") (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)); *McKee*, 874 F.3d at 61 (to plead actual malice, a plaintiff is required to plead that the defendant made a statement "with knowledge that it was false or with reckless disregard for whether it was false or not"). Without reference to any specific statement made by Jelly Belly, Plaintiff alleges that "Defendant Jelly Belly Candy Company[] has published the information with reckless disregard as to its offensiveness." Compl., ¶ 54. This threadbare conclusion is not supported by any factual allegations, and is insufficient to state a claim for defamation. *See Shay v. Walters*, 702 F.3d 76, 82-83 (1st Cir. 2012) ("While the plaintiff's complaint contains conclusory allegations about 'ill-will' and 'actual malice,' it contains no factual assertions that in any way lend plausibility to these conclusions."). Indeed, Plaintiff's Opposition does not address Plaintiff's status as a public figure, or Plaintiff's failure to allege actual malice, at all.

///

///

///

12   Case No. 2:23-cv-00035-DAD-JDP

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE ALL CLAIMS PURSUANT TO CAL. CIV. PROC. CODE § 425.16 AND TO DISMISS THE COMPLAINT

### 4. *Plaintiff Failed to Demonstrate a Probability of Prevailing on His Tortious Interference with an Advantageous Relationship Claim and Conspiracy Claim Because the Alleged Statements Are Undisputedly True and Plaintiff Fails To Allege The Claims' Requisite Elements*

Plaintiff also fails to demonstrate a probability of prevailing on his tortious interference claim, and it should be stricken pursuant to Section 425.16. As discussed more fully in Jelly Belly's Motion, the claim is barred in part by the statute of limitations, and Plaintiff has not even pled the elements of the claim. Motion at 17-19. In fact, Plaintiff's Opposition does not so much as mention the words "tortious interference" or "civil conspiracy," let alone argue that Plaintiff's allegations are sufficient to support a claim. *See generally* Opposition.

In contrast, Jelly Belly's Motion demonstrated that Plaintiff failed to plead any actual advantageous relationships as required to state a tortious interference claim. Motion at 17-18; *Soil Retention Prods., Inc. v. Brentwood Indust., Inc.*, 521 F. Supp. 3d 929, 961 (S.D. Cal. 2021) ("alleging the existence of an economic relationship or an advantage requires alleging a *particular* relationship or opportunity with which the defendant's conduct is alleged to have interfered rather than vague allegations regarding a relationship with an as yet unidentified customer.") (emphasis added) (*quoting Weintraub Fin. Servs., Inc. v. Boeing Co.*, 2020 WL 6162801 at *8 (C.D. Cal. 2020).) Jelly Belly further demonstrated that Plaintiff failed to allege that Jelly Belly's statements were defamatory or false in any particular way or that Jelly Belly acted with any improper motive. *Id.*; *see also Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal. 5th 505, 512 (2017) (a plaintiff must allege the defendant committed "intentionally wrongful acts designed to disrupt the relationship"). To the contrary, it is clear from the Alleged Statements that Jelly Belly sought only to protect its brand, given confusion in the marketplace.

With respect to civil conspiracy, Jelly Belly demonstrated that Plaintiff's claim fails because it is based on his defamation claim (which should be stricken for the reasons discussed above), and Plaintiff does not allege any agreement between Jelly Belly and any third party. Motion at 19; *AREI II Cases*, 216 Cal. App. 4th 1004, 1021-22 (2013) (stating that it is "well settled that bare allegations and rank conjecture do not suffice for civil conspiracy," and that the "party seeking to establish a civil conspiracy must show that each member of the conspiracy acted in concert and came to a mutual understanding") (internal citations omitted).

Again, Plaintiff makes no effort in the opposition to produce any allegations, argument or evidence that would show a likelihood of success on Plaintiff's tortious interference and conspiracy claims.

### III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND BECAUSE AMENDMENT WOULD BE FUTILE WHERE THE ALLEGED STATEMENTS ARE UNDISPUTEDLY TRUE AND PLAINTIFF'S CLAIMS ARE TIME-BARRED

The Court should grant Jelly Belly's Motion with prejudice and deny Plaintiff leave to amend, because any amendment would be futile. A court may properly dismiss a complaint without leave to amend where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Dist. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). This applies where the facts are undisputed, and the sole issue is whether there is liability as a matter of substantive law. *Albrecht v. Lund*, 6845 F.2d 193, 195-196 (9th Cir. 1988) (amendment to fraud complaint properly denied where alleged misstatements "could not be misrepresentations" as a matter of law).

Here, Jelly Belly has demonstrated, based on judicially noticed documents and allegations in the Complaint, that each of the Alleged Statements at issue are true and time-barred as a basis for a defamation claim. Specifically, it is undisputed that Plaintiff did not found Jelly Belly Candy Company. Plaintiff's opposition fails to rebut that the Alleged Statements are true, and thus, no amendment based on the Alleged Statements can validate Plaintiff's claim for defamation per se. Because Plaintiff's tortious interference and conspiracy claims are derivative of the defamation claims, Plaintiff's Complaint should be struck in its entirety without leave to amend.

### IV. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY BECAUSE DISCOVERY WOULD BE FUTILE WHERE THE ALLEGED STATEMENTS ARE UNDISPUTEDLY TRUE AND PLAINTIFF'S CLAIMS ARE TIME-BARRED

In addition, the Court should deny Plaintiff's request for additional discovery because any such discovery would also be futile, i.e., no amount of discovery will demonstrate that Plaintiff is the founder of Jelly Belly Candy Company or that Plaintiff's claims survive the statute of limitations. Moreover, a plaintiff cannot avoid or delay a dismissal under Rule 12(b)(6) by asserting a need for limited discovery

directed at facts needed to plead a cause of action. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) (stating that if a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"); *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 56 (1st Cir. 2012) ("to access discovery mechanisms, a plaintiff must *first* produce a complaint that passes the plausibility test") (emphasis in original); *Somers v. Apple, Inc*., 729 F.3d 953, 966 (9th Cir., 2013) (the possibility that a plaintiff "might later establish some set of undisclosed facts" is not enough to survive a Rule 12(b)(6) motion) (internal quotations omitted). Here, Plaintiff fails to identify any set of discovery that would establish the sufficiency of his claims, and accordingly, Plaintiff's request for additional discovery should be denied.

## V. CONCLUSION

For the foregoing reasons and based on the authorities set forth in the accompanying memorandum in support of this motion, the Complaint should be stricken and dismissed in its entirety without leave to amend.

DATED: February 13, 2023                    Respectfully submitted,

                                                               **GREENBERG TRAURIG, LLP**

By: */s/Michael D. Lane*
     Kurt A Kappes
     Michael D. Lane

*Attorneys for Defendant*
Jelly Belly Candy Company