```
1    KURT A. KAPPES – SBN 146384
     MICHAEL D. LANE – SBN 239517
2    GREENBERG TRAURIG, LLP
     1201 K Street, Suite 1100
3    Sacramento, CA  95814-3938
     Telephone:  (916) 442-1111
4    Facsimile:  (916) 448-1709
     kappesk@gtlaw.com
5    lanemd@gtlaw.com

6    ERIC WONG (Admitted Pro Hac Vice)
     GREENBERG TRAURIG, LLP
7    500 Campus Drive, Suite 400
     Florham Park, NJ 07932
8
9    Attorneys for Defendant
     JELLY BELLY CANDY COMPANY
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KLEIN, | Civil Action No. 2:23-cv-00035-DAD-JDP |
| Plaintiff, | **DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 41 FOR AN AWARD OF FEES AND COSTS, AND TO STAY THIS ACTION UNTIL FEE AWARD IS PAID IN FULL** |
| v. | |
| JELLY BELLY CANDY COMPANY, | |
| Defendant. | |
| | Date:        March 7, 2023<br>Time:        1:30 p.m.<br>Courtroom:   4 |
| | Trial Date:  None Set |

Plaintiff David Klein ("Plaintiff") dismissed the first New York complaint against Jelly Belly Candy Company ("Jelly Belly") and refiled the same claims against Jelly Belly in the Complaint now pending before this Court (Plaintiff originally refiled it in an improper venue, Massachusetts, to wrongly attempt to apply a longer statute of limitations). This is exactly the type of conduct that warrants an award of fees and costs. Federal Rule of Civil Procedure 41(d) – the so-called "forum shopping rule" – provides that, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). An award of fees under this is particularly appropriate here, because Plaintiff expressly dismissed and then refiled his claims against Jelly Belly to shop for a forum with a longer statute of limitations.

As set forth in Jelly Belly's Motion, Plaintiff's conduct is exactly what Rule 41(d) is intended to prevent, and this is the prototypical case where the Court should award fees and costs. *See Madrid v. Pease*, No. 115CV00770LJOBAMPC, 2017 WL 5158599, at *2 (E.D. Cal. Nov. 7, 2017) (Rule 41(d) is "designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter.") (quoting *Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983)); *Lennard v. Yeung*, No. CV1009322MMMAGRX, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 16, 2011) (Rule 41(d) is "intended to prevent attempts to gain any tactical advantage by dismissing and refiling [a] suit," particularly where the plaintiff "attempt[s] to wipe the slate clean after an initial setback."); *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. 518CV00356ABSP, 2018 WL 5263064, at *2 (C.D. Cal. June 26, 2018) (Rule is "meant to dissuade a plaintiff from dismissing their initial action and refiling it in another court with the belief that the law in the second venue will be more favorable."); *Nagravision SA v. NFL Enterprises, LLC*, No. 17-cv-03919-AB (SKX), 2017 WL 8807985, at *1 (C.D. Cal. Aug. 29, 2017) ("The purpose of Rule 41(d) is to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims. The rule also is intended to serve as a deterrent to forum shopping and vexatious litigation.") (internal

quotations omitted).  Rule 41(d) fee awards are tailor made to deter and punish Plaintiff's manipulative tactics.

Plaintiff does not dispute either the facts or the law in his opposition to Jelly Belly's Motion.  Instead, Plaintiff wrongly attempts to rely on caselaw interpreting a different provision in Rule 41, Rule 41(a)(2).  Rule 41(a)(2) and Rule 41(d) prescribe separate mechanisms to redress different situations related to voluntary dismissals.  Rule 41(a)(2) provides that a plaintiff may dismiss his claims by order of the court, and in applying Rule 41(a)(2), courts have awarded fees and costs under that provision when granting a request for voluntarily dismissal under Rule 41(a)(2) under certain circumstances.  However, Plaintiff did not dismiss the New York complaint pursuant to Rule 41(a)(2).  Instead, he voluntarily dismissed the New York complaint by notice (without court order) pursuant to Rule 41(a)(1).  Indeed, Plaintiff's Notice of Voluntary Dismissal specifically relies on Rule 41(a)(1) as the basis for his dismissal, and only cites Rule 41(a)(2) in the alternative (which the New York court did not take).  *See* Exhibit A.  And Jelly Belly does not seek an award of fees and costs under Rule 41(a)(2).

Thus, Plaintiff's argument in opposition to Jelly Belly's Motion regarding factors that courts may consider when assessing fees as a condition for entering an order granting voluntary dismissal under Rule 41(a)(2) is inapposite to Jelly Belly's Motion.  Jelly Belly moved pursuant to Rule 41(d) to recover the fees Jelly Belly incurred in the prior New York action before Plaintiff voluntarily dismissed it—not the fees Jelly Belly has incurred in the instant action.  *See generally* Motion.  Rule 41(a)(2), and all of the authority Plaintiff cited in his Opposition regarding Rule 41(a)(2) factors and considerations, simply do not apply to a motion made under Rule 41(d), and Plaintiff fails to cite any authority to the contrary.

However, even if Jelly Belly were limited by Rule 41(a)(2) to the fees Jelly Belly incurred for "work which is not useful in continuing litigation between the parties," Jelly Belly's fees and costs would necessarily encompass all of the work Jelly Belly spent in the New York action, because Jelly Belly's research, briefing and other activities solely involved  New York state law, which is no longer applicable.  *Cf. Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (adopting the proposition that "a defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties").

Accordingly, the Court should award Jelly Belly the fees and costs it incurred in connection with the New York action and stay this proceeding unless the fees are paid.

DATED: February 13, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/Michael D. Lane
Kurt A Kappes
Michael D. Lane

*Attorneys for Defendant*
Jelly Belly Candy Company