KURT A. KAPPES – SBN 146384
MICHAEL D. LANE – SBN 239517
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
kappesk@gtlaw.com
lanemd@gtlaw.com

Attorneys for Defendant,
JELLY BELLY CANDY COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KLEIN,<br><br>Plaintiff,<br><br>v.<br><br>JELLY BELLY CANDY COMPANY,<br><br>Defendant. | Civil Action No. 2:23-cv-00035-DAD-JDP<br><br>**DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>[Filed Concurrently with the May 12, 2023 Declaration of Eric D. Wong]<br><br>Date:   June 20, 2023<br>Time:   1:30 p.m.<br>Courtroom:  4, 5th floor<br><br>Trial Date: None Set |

2:23-cv-00035-DAD-JDP

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY MEMO OF POINTS AND AUTHORITIES ISO APPLICATION FOR ATTORNEYS' FFES AND COSTS

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................5

II. ARGUMENT ..........................................................................................................6

    A. Plaintiff's Purported Financial Condition Is Not A Basis To Decline To Award Fees ………………………………………………………………6

    B. Jelly Belly's Lodestar Is Reasonable……………………………………..9

III. CONCLUSION....................................................................................................11

2

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY MEMO OF POINTS AND AUTHORITIES ISO APPLICATION FOR ATTORNEYS' FFES AND COSTS

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Blackwell v. Foley*,
   724 F. Supp. 2d 1068 (N.D. Cal. 2010) .................................................................... 11

*Intel Corp. v. Terabyte Int'l, Inc.*,
   6 F.3d 614 (9th Cir. 1993) ......................................................................................... 7

*Martinez v. Ford Motor Co.*,
   No. 18-CV-01607JLT, 2021 WL 3129601 (E.D. Cal. July 23, 2021) ......................... 10

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996) ........................................................................................ 7

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) .................................................................................. 11

*Patton v. County of Kings*,
   857 F.2d 1379 (9th Cir. 1988) .................................................................................... 8

*Stilwell Dev. Inc. v. Chen*,
   No. 86-CV-4487-GHK, 1989 WL 418783 (C.D. Cal. Apr. 25, 1989) ......................... 11

*Stonebrae v. Toll Bros., Inc.*,
   No. C-08-0221 EMC, 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) ............................ 11

*In re Taco Bell Wage & Hour Actions*,
   222 F. Supp. 3d 813 (E.D. Cal. 2016) ...................................................................... 10

*Topete v. Ramos Furniture*, No. 16-CV-00271DADEPG, 2018 WL 4006556
   (E.D. Cal. Aug. 20, 2018),
   *report and recommendation adopted*, No. 16-CV-00271DADEPG, 2018
   WL 6615107 (E.D. Cal. Nov. 16, 2018) .................................................................... 10

**State Cases**

*Cabral v. Martins*,
   177 Cal. App. 4th 471 (2009) ..................................................................................... 8

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY MEMO OF POINTS AND
AUTHORITIES ISO APPLICATION FOR ATTORNEYS' FFES AND COSTS

*Concepcion v. Amscan Holdings, Inc.*,
    223 Cal. App. 4th 1309 (2014) .................................................................................. 10

*Garcia v. Santana*,
    174 Cal. App. 4th 464 (2009) ...................................................................................... 8

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ........................................................................................... 7, 9

*Mann v. Quality Old Time Serv., Inc.*,
    139 Cal. App. 4th 328 (2006) ...................................................................................... 8

*Martino v. Denevi*,
    182 Cal. App. 3d 553 (1986) ..................................................................................... 10

*Rosenman v. Christensen, Miller, Fink, Jacobs*,
    91 Cal. App. 4th 859 (2001) ........................................................................................ 8

*Vargas v. City of Salinas*,
    200 Cal. App. 4th 1331 (2012), *cert. denied*, 133 S. Ct. 424 (2012) ............................ 7

**State Statutes**

Cal. Code Civ. Proc. § 425.16 ............................................................................... 6, 8, 9

**Rules**

Fed. R. Civ. P. 41 ......................................................................................................... 11

Defendant Jelly Belly Candy Company ("Jelly Belly") respectfully submits this Reply Memorandum of Points and Authorities in further support of its application for fees and costs under Cal. Proc. Code § 425.16(c).

## I.  INTRODUCTION

After finding that Plaintiff David Klein ("Plaintiff") failed to demonstrate a probability of prevailing on his claims in this action, the Court struck the Complaint and held that Jelly Belly is entitled to recover the fees it incurred in this action pursuant to California's anti-SLAPP statute, Cal. Proc. Code § 425.16(c).  Fee awards under the anti-SLAPP statute are mandatory.  The only issue before the Court now is the amount of fees and costs that should be awarded.  Jelly Belly incurred $203,923.87 in fees and costs in this action.  The record readily demonstrates that this amount is reasonable, and a judgment should be entered against Plaintiff in the entire amount.

Jelly Belly calculated the fees it incurred in this action by multiplying its counsel's rates by the number of hours worked, and the resulting lodestar is presumptively reasonable. Plaintiff does not challenge the reasonableness of the rates charged by Jelly Belly's counsel or the number of hours that counsel worked in this case.  In short, Plaintiff's opposition provides no basis for this Court to award anything other than the presumptively reasonable lodestar amount.

Rather than challenge the reasonableness of Jelly Belly's fees or its entitlement to them, Plaintiff instead argues that no fee award should be entered against him because he claims (without support, evidentiary or otherwise), it would impose a financial burden on him. Does Plaintiff cite any basis to support his request that the Court consider his financial condition when determining an appropriate fee award?  No.  Instead, Plaintiff mistakenly relies on public interest cases where courts declined to award fees that would impose hardship on unsuccessful plaintiffs based on concern that awarding fees in those instances would hamper public interest plaintiffs' access to the legal system.

This concern is not applicable here.  Indeed, California's anti-SLAPP statute was

expressly enacted for precisely this reason: *to deter* plaintiffs from pursuing actions that chill public participation. As a result, fee awards pursuant to the anti-SLAPP statute are mandatory, rendering Plaintiff's purported financial condition moot.

Plaintiff also wrongly asserts that the Court should not award any fees because Jelly Belly did not submit its counsel's timesheets. Courts have repeatedly held that timesheets are not required to support a fee application, and that counsel's declarations regarding the work performed are sufficient to establish the reasonableness of the fees sought. The reasonableness of Jelly Belly's fees – which Plaintiff does not challenge – is readily supported by the record, which includes the amount of hours Jelly Belly's counsel devoted to bringing this matter, and counsel's declaration describing the work performed. Regardless, Jelly Belly's detailed timesheet information is submitted herewith, and reconfirms that Jelly Belly's lodestar is reasonable and should be awarded.

## II.   ARGUMENT

Plaintiff does not challenge the reasonableness of the rates charged by Jelly Belly's counsel or the number of hours that counsel worked in this case, or the resulting lodestar, which is "presumptively reasonable." *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993); *see also Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996) ("There is a strong presumption that the lodestar figure represents a reasonable fee."). Instead, Plaintiff asserts that no fees should be awarded at all, based on two arguments that are directly contracted by the law and the facts.

### A.   Plaintiff's Purported Financial Condition Is Not A Basis To Decline To Award Fees

The award of fees to a defendant that prevails on an anti-SLAPP motion to strike is "mandatory." *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."); *see also Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1340 (2012), *cert. denied*, 133 S. Ct. 424 (2012) ("an award of attorney fees to a defendant prevailing on a special motion

to strike is mandatory"); *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 338 (2006) (same); *Cabral v. Martins*, 177 Cal. App. 4th 471, 490 (2009) (rejecting plaintiff's argument that the court consider her good faith in bringing the claim when determining a reasonable anti-SLAPP fee award, finding that "[t]he language of the anti-SLAPP statute is mandatory; it requires a fee award to a defendant who brings a successful motion to strike. . . . [A]ny SLAPP defendant who brings a successful motion to strike is *entitled* to *mandatory* attorney fees.") (emphasis in original; internal citations and quotations omitted).

Purported financial hardship is not a basis to avoid the mandatory recovery of fees under California's anti-SLAPP statute, Code Civ. Proc., § 425.16. And indeed, Plaintiff does not cite any law supporting such an approach in the anti-SLAPP context. Rather, Plaintiff relies on cases addressing fee awards in public interest and civil rights contexts. But those cases are readily distinguishable because they were all expressly based on the public policy that the threat of a fee award should not deter plaintiffs from pursuing their rights in court. *See Rosenman v. Christensen, Miller, Fink, Jacobs*, 91 Cal. App. 4th 859, 873-74 (2001) (where plaintiff filed an ultimately unsuccessful claim under the Fair Employment and Housing Act, holding that "[a fee] award is inappropriate in light of the very strong public antidiscrimination policy embodied in FEHA. Any other standard would have the disastrous effect of closing the courtroom door to plaintiffs who have meritorious claims but who dare not risk the financial ruin caused by an award of attorney fees if they ultimately do not succeed."); *Garcia v. Santana*, 174 Cal. App. 4th 464, 477 (2009) (where indigent plaintiff filed an ultimately unsuccessful landlord-tenant action, holding that "[t]t cannot be the law of this state, in this century, that additional financial burdens, burdens beyond the capacity of the parties to bear in the face of demonstrated indigency, are placed to provide extra deterrence to those parties against pursuing their rights in our courts."); *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir. 1988) (where plaintiff filed an ultimately unsuccessful § 1983 action, holding that "[w]e have never and do not now require a separate hearing on the question of ability to pay. However, . . . a district court should

consider the financial resources of the plaintiff in determining the amount of attorney's fees to award to a prevailing defendant in a § 1983 action. . . . Nevertheless, a district court should not refuse to award attorney's fees to a prevailing defendant . . . solely on the ground of the plaintiff's financial situation.") (internal quotations, citations and alterations omitted).

That same policy simply does not apply in the anti-SLAPP context, and such an outcome would in fact be in direct conflict with the policy underlying the fee shifting provision in California's anti-SLAPP statute, to wit: to deter plaintiffs from filing lawsuits that chill public participation:  As one court aptly noted, "[t]he fee-shifting provision was apparently intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Ketchum*, 24 Cal. 4th at 1131 (quoting Code Civ. Proc., § 425.16(a)). Accordingly, Plaintiff's purported financial condition is not a basis to reduce Jelly Belly's fee award by one penny under California's anti-SLAPP statute.[1]

---

[1] Even if his argument were legally viable (it is not), Plaintiff has not presented any evidence regarding his financial conduction, much less support his assertion that the fee awarded mandated by the anti-SLAPP statute would cause "financial ruin."  Pl. Opp. [Dkt. No. 56], at 4.  Perhaps this is because, as  search even a cursory internet search demonstrates, Plaintiff is the owner and president of Candyman Kitchens (https://www.linkedin.com/in/thecandyman/ (last visited May 12, 2023)), which sells expensive candy products like "David vs. Goliath Jelly Beans" and "Sandy Candy."  *See* https://candymankitchens.com/ (last visited May 12, 2023).  By Plaintiff's own accounts, business is good.  *See* https://www.facebook.com/groups/TheGoldTicket (last visited May 12, 2023) (referencing sale of "*millions*" of Sandy Candy products); https://money.cnn.com/2011/10/19/smallbusiness/nifty_candy/index.htm (last visited May 12, 2023) (Sandy Candy reached *$1 million in sales* in 2011); https://www.facebook.com/groups/TheGoldTicket (last visited May 12, 2023) ("Online orders flooding in for David vs Goliath Jelly Besns [*sic*]").  Plaintiff also sells entries into "Gold Ticket" contests, which he claims are successful, and associated merchandise, which has sold out.  *See* https://thegoldticket.com/collections/merchandise (last visited May 12, 2023).  Plaintiff is also a published author, with a novel available for purchase on Amazon.  *See* https://www.amazon.com/Truvenge-Kriya-Project-Stephanie-Thirtyacre/dp/1736236350/ref=tmm_pap_swatch_0?_encoding=UTF8&qid=&sr=   (last

8

B.  **Jelly Belly's Lodestar Is Reasonable**

Rather than attempt to challenge the reasonableness of Jelly Belly's fees (which is undisputed), Plaintiff complains that the Court cannot evaluate the reasonableness of Jelly Belly's lodestar because Jelly Belly did not supply "time sheets" and wishfully suggests that the Court should "thereby dismiss the inflated fees altogether." Pl. Opp. at 5. This argument finds no support in law or fact. Contrary to Plaintiff's position, submission of timesheets is not required and is not necessary for the Court to assess the reasonableness of Jelly Belly's fees. *See Martinez v. Ford Motor Co.*, No. 18-CV-01607JLT, 2021 WL 3129601, at *5 (E.D. Cal. July 23, 2021) ("In California, [i]t is *not* necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method.'") (emphasis in original) (quoting *Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1324 (2014)).

Moreover, the record readily supports the reasonableness of Jelly Belly's fees. For example, Jelly Belly provided a list of hours spent by timekeeper and their rates, and submitted the sworn – and unrebutted – testimony of counsel describing the tasks that counsel performed that comprise those hours. That is more than sufficient. *See Concepcion*, 223 Cal. App. 4th at 1324 ("Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient."); *Topete v. Ramos Furniture*, No. 16-CV-00271DADEPG, 2018 WL 4006556, at *11 (E.D. Cal. Aug. 20, 2018) (same), *report and recommendation adopted*, No. 16-CV-00271DADEPG, 2018 WL 6615107 (E.D. Cal. Nov. 16, 2018); *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (1986) ("Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records."); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 831 (E.D. Cal. 2016) (same). Nevertheless, to confirm the reasonableness of Jelly

---

visited May 12, 2023). Given these admittedly healthy income streams, there is no basis to believe that Plaintiff would not be able to pay a judgment entered against him, or that a judgment against him would result in his "financial ruin."

Belly's fees, detailed descriptions of each time entry (appropriately redacted to protect privilege and work product) are submitted herewith for the Court's review. *See* May 12, 2023 Declaration of Eric D. Wong, Ex. 1. These records confirm the testimony by Jelly Belly's counsel submitted with Jelly Belly's moving papers, which established that Jelly Belly's counsel reasonably and efficiently performed the following work to defend Jelly Belly against the claims asserted by Plaintiff in this action: (a) successfully removing the action from Massachusetts state court to the District of Massachusetts; (b) successfully moving to transfer the action from Massachusetts federal court to this Court; (c) once transferred, successfully moving to strike Plaintiff's Complaint; (d) successfully moving for an award of fees Jelly Belly incurred in the prior New York action pursuant to Rule 41(d); and (e) once the Court awarded Jelly Belly its fees, preparing fee applications pursuant to the Court's March 7, 2023 order.

Plaintiff does not argue (nor could he) that this work was not required, that Jelly Belly's counsel was unreasonable in performing it, or that Jelly Belly's counsel was not efficient in conducting its work. Counsel's judgment that the work was necessary and the resulting success (the complete dismissal of Plaintiff's claims with prejudice) demonstrate that the work was reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (a district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) ("An attorney's sworn testimony that, in fact, [he] took the time claimed . . . is evidence of considerable weight on the issue of time required."); *Stonebrae v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2011 WL 1334444, at *6 (N.D. Cal. Apr. 7, 2011) (presumption that the lodestar is reasonable "is particularly forceful where . . . the fees were billed to and actually paid by the [client] during the course of the litigation."); *Stilwell Dev. Inc. v. Chen*, No. 86-CV-4487-GHK, 1989 WL 418783, *7 (C.D. Cal. Apr. 25, 1989) ("While the result is not necessarily indicative of counsel's effort, it is some evidence that the expenditure of time and effort was justified since total victory in litigation

generally requires a substantial investment of time and resources."). The reasonableness of Jelly Belly's lodestar is well-established and entirely unrebutted by Plaintiff.

### III.   CONCLUSION

In light of the foregoing, Jelly Belly respectfully requests that this Court GRANT this Application and award Jelly Belly attorneys' fees of $188,657.50 and $15,266.37 in costs, for a total award of $203,923.87.

DATED: May 12, 2023                    GREENBERG TRAURIG, LLP

                                       By: */s/Michael D. Lane*
                                            Kurt A Kappes
                                            Michael D. Lane

                                         *Attorneys for Defendant*
                                         Jelly Belly Candy Company

DEFENDANT JELLY BELLY CANDY COMPANY'S REPLY MEMO OF POINTS AND AUTHORITIES ISO APPLICATION FOR ATTORNEYS' FFES AND COSTS